<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-7910**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS J. COBB,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-90-509; CA-00-3932-4-12)

Submitted:  June 30, 2004          Decided:  August 6, 2004

Before WIDENER, WILKINSON, and WILLIAMS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas J. Cobb, Appellant Pro Se. William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas J. Cobb appeals from the district court's dismissal of his petition filed under 28 U.S.C. § 2241 and construed by the district court as a motion under 28 U.S.C. § 2255 (2000). An appeal may not be taken to this court from the final order in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that jurists of reason would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

We have reviewed the record and conclude that Cobb has not made the requisite showing. We therefore deny a certificate of appealability and dismiss the appeal.[*] We dispense with oral

---

[*]The district court construed Cobb's 28 U.S.C. § 2241 (2000) petition as a motion to vacate under 28 U.S.C. § 2255, and dismissed it as a successive motion lacking the authorization required by § 2255. Having construed Cobb's notice of appeal and informal brief as a motion for authorization to file a successive habeas petition, see United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), we conclude that Cobb is not entitled to such authorization under the strictures of § 2255.

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED